# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **ERIN ELLIOTT,** | ) |
| **PLAINTIFF,** | ) |
| V. | ) CIVIL ACTION NUMBER: |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC;** | ) JURY TRIAL DEMANDED |
| **DEFENDANT.** | ) |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Erin Elliott, by and through undersigned counsel, and for her complaint states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

### PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Madison County, and is over the age of twenty-one (21) years.

3. The Defendant, Portfolio Recovery Associates, LLC ("PRA"), is incorporated in Delaware and was, in all respects and at all times relevant herein,

doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Madison County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. On April 22, 2020, Defendant PRA brought a lawsuit against Plaintiff in the Small Claims Court of Madison County, Alabama alleging PRA owned a delinquent account between Plaintiff and Synchrony Bank, an entity not a party to this lawsuit.

6. That lawsuit was assigned case number 47-SM-2020-902182.

7. Defendant PRA claimed Plaintiff owed it $1,464.13.

8. The Complaint failed to include any sworn testimony or any other admissible evidence.

9. The case filed against Plaintiff is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Defendant have put into place which violate the Fair Debt Collection Practices Act.

10. Plaintiff has never done business with Defendant and has never owed Defendants any money.

11. Each year Defendant files or causes to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims they allege; with the knowledge that it will not call any witnesses to testify on their behalf at trial and knowing that they would not be able to offer competent evidence at trial.

12. The pattern and practice of Defendant is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against consumers who fail to answer the complaints. In the alternative, Defendant files with the intent to coerce a settlement or consent judgment from consumers at the courthouse before trial when Defendant knows it has no witnesses and no competent evidence to prove its claims.

13. Defendant's actions constitute a pattern and practice of initiating lawsuits against consumers without the intent to prove the allegations under the Rules of Civil Procedure or to provide the necessary witnesses to prove its allegations.

14. On September 17, 2020, a trial was held in which Defendant failed to produce any witnesses, sworn testimony, or any other evidence to prove the claim. Therefore, the Court dismissed the case against Plaintiff.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

15. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

16. The foregoing acts and omissions of Defendant and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

17. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANTS

18. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

19. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

20. The Defendant knew or should have known that said conduct was improper.

21. The Defendant negligently failed to prevent and/or participated in improper collection activities.

22. As a result of The Defendant's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and other mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANTS

23. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

24. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendant knew or should have known that said conduct was improper.

26. The Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

27. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and other mental anguish.

## COUNT FOUR
## ABUSE OF PROCESS

28. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

29. Defendant filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debt and that Plaintiff was indebted to Defendant.

30. Defendant never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

31. The ulterior purpose was to attempt to force Plaintiff into paying Defendant.

32. Defendant was aware, at the time the lawsuit was filed, that it would never attempt to prove the claims and would never bring witnesses to Court or admit competent evidence in support of the claims.

33. Defendant was aware that the conduct would harm the Plaintiff either by forcing her to pay a debt that Defendant knew it would not or could not prove or, alternatively, by obtaining a default judgment against Plaintiff on a debt Defendant knew it would not or could not prove in a court of law.

34. This conduct by Defendant is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorneys' fees;

E. Such other and further relief that this Court deems necessary, just and proper.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com

7